UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

RECEIVED
USDC CLERK, GREENVILLE, SC

2008 MAR 11  P 1: 22

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, ) | C/A No.: 8:07-cv-3615-GRA |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| CAROLINA SPRINGS ACADEMY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## RULE 55(b)(2) DEFAULT JUDGMENT

This matter comes before the Court upon the motion of Plaintiff, Lexington Insurance Company (Lexington), for entry of Default Judgment against Defendant Carolina Springs Academy (CSA). Lexington originally filed suit seeking declaratory and equitable relief on November 2, 2007. CSA accepted service of the complaint on November 20, 2007; however, CSA has yet to answer the complaint or appear in this action. On January 2, 2008, the Clerk of Court filed an entry of default against CSA. The immediate motion followed.

After a review of the record, the Court finds the following:

1. CSA was served with Lexington's Summons and Complaint on November 20, 2007;

2. CSA has failed to respond to Lexington's Complaint or otherwise defend;

3. Pursuant to Rule 55 (a) Default was entered against CSA on January 2, 2008;

4. CSA has not appeared in this action;

5. CSA is not an infant or incompetent person.

After having considered the well-pleaded factual allegations of Lexington's Complaint and Lexington's Memorandum of Law in Support of its Motion for Default Judgment, pursuant to Fed. R. Civ. Proc. 55(b)(2), this Court GRANTS Lexington's Motion for Default Judgment.

IT IS THEREFORE SO ORDERED THAT:

1. Lexington may rescind the following insurance policies (the policies):

    a. Social Service Commercial General Liability Policy, No. 5717605, issued to CSA for the policy period August 24, 2002 - August 24, 2003; and

    b. Social Service Commercial General Liability/Professional Liability Policy, No. 41-LX-9272159-0/000, issued to CSA for the policy period August 24, 2006 - August 24, 2007.

2. The policies are hereby declared void *ab initio* and Lexington is released and forever discharged from all claims for insurance coverage under the policies, including, but not limited to, any and all claims, actions, or demands for defense or indemnity costs.

3. Within ten (10) days from the entry of this Order, Lexington shall file a motion for costs with accompanying affidavit, justifying the attorney fees and costs Lexington seeks to recover related to this action. If the Court determines that they are reasonable, these fees shall be deducted from the premiums paid by CSA for the policies.

4. Within sixty (60) days from the entry of this Order, Lexington shall pay CSA the premium amounts paid by CSA for the policies: $90,556.00, less any costs that Lexington incurred in this action that this Court deems reasonable.

[signature block on next page]

IT IS SO ORDERED

The Honorable William W. Wilkins Jr.
Sitting by Designation

March 11, 2008
Greenville, South Carolina